CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DANIEL M. ROSE, | Civil Action No. 5:09CV00079 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under this Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640-642 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Daniel M. Rose, was born on January 13, 1970 and eventually completed the tenth grade in school. Mr. Rose has worked as a cashier, customer service manager, and swing manager. He last worked on a regular and sustained basis in February of 2007. On June 27, 2007, Mr. Rose filed applications for disability insurance benefits and supplemental security income

benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on February 15, 2007 due to fibromyalgia, diabetes, hyperthyroidism, depression, and high cholesterol. Mr. Rose now maintains that he has remained disabled to the present time. As to his claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Rose's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 28, 2009, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Rose experiences severe impairments on the bases of obesity, fibromyalgia, diabetes, hyperthyroidism, and lumbar spondylosis. The Law Judge also determined that plaintiff suffers from nonsevere impairments, including gastroesophageal reflux disease, coronary artery disease, acute musculoskeletal chest pain, left flank pain/renal calculi, right shoulder pain, and depression. Based on Mr. Rose's severe impairments, the Law Judge determined that plaintiff is limited to a light range of work activity. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform his past relevant work as a customer service manager. Accordingly, the Law Judge ultimately concluded that Mr. Rose is not disabled, and that he is not entitled to benefits under either federal program. See gen., 20 C.F.R. § 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Rose has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Rose suffers from a multitude of physical problems and subjective complaints. He has major health issues on the bases of diabetes; hyperthyroidism; morbid obesity; elevated cholesterol with possible, early coronary artery disease; and depressive symptomatology. However, the court must agree with the assessment of the Administrative Law Judge that most of these difficulties do not affect plaintiff's capacity for substantial gainful activity. On the other hand, Mr. Rose also experiences musculoskeletal problems and fibromyalgia, which greatly limit his physical capacity. In 1999, he was found to be suffering from two ruptured discs and eventually underwent L5-S1 posterior lumbar decompression and fusion. In 2006, the lumbar spine hardware was removed in another surgical procedure. Later that same year, plaintiff underwent a nerve block to relieve symptoms of lumbar spondylosis. However, he has continued to experience significant musculoskeletal pain. He now walks with a cane. His doctors have attributed most of his pain complaints to fibromyalgia. Most recently, one treating physician has suggested that Mr. Rose is totally disabled based on his complaints of severe and unrelenting pain.

However, the court believes that the medical record supports the Law Judge's finding that plaintiff's physical problems cannot be expected to produce pain of such severity as would prevent performance of the light work activity previously performed by plaintiff as a customer service manager at Walmart. Stated succinctly, there is no medical evidence of any severe, objective musculoskeletal defects. Furthermore, it appears that plaintiff's complaints of disabling pain are out of proportion to the clinical findings and assessments. Accordingly, the court concludes that the final decision of the Commissioner denying entitlement to benefits must be affirmed.

After a detailed review of all the medical exhibits in this case, the Administrative Law Judge concluded that Mr. Rose's complaints of totally and permanently disabling pain are not supported by the record. The court believes that the Administrative Law Judge's assessment in this regard is reasonable and supported by the evidence of record. Following the surgical procedures in 2006, most of the treatment in plaintiff's case has been directed to control of his diabetes and attempts to diagnose his complaints of diffuse body pain. While plaintiff has not been successful in controlling his diabetes, the medical reports give reason to believe that appropriate control is possible assuming consistent compliance with medical regimens. As for plaintiff's diffuse pain, his doctors have diagnosed fibromyalgia. However, until recently, no doctor has suggested that plaintiff's musculoskeletal pain and fatigue, or his combination of impairments in general, are totally disabling in impact. On one occasion, a treating physician opined that plaintiff was disabled for a period of three months because of his fibromyalgia. Nevertheless, the record includes no objective findings, at any point in time, which would support plaintiff's descriptions of severe and unrelenting pain.

Under controlling caselaw from the United States Court of Appeals for the Fourth Circuit, it is well established that, in order for a claimant to prevail on a claim of totally disabling pain, the

medical record must establish the existence of objective physical problems which could be expected to produce pain of disabling severity. See Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996). The court must agree that Mr. Rose has not met this burden. Once again, despite the development of a significant medical record, no doctor has reported clinical observation of any physical impairment, whether associated with fibromyalgia or diabetes, which could be expected to prevent performance of lighter levels of physical activity.

It is true that Mr. Rose's most recent treating physician, Dr. Kimberly Cheek, produced a residual functional capacity questionnaire on March 25, 2009, which indicates that Mr. Rose is unable to perform anything more than a limited range of sedentary work. However, as noted by the Administrative Law Judge, Dr. Cheek noted no medical findings in support of this proposition, other than plaintiff's complaints of chronic pain and his use of a cane for ambulation. She observed that Mr. Rose has difficulty raising his arms overhead and manipulating his fingers and hands. She noted that he carries a diagnosis of fibromyalgia. While it is true that the findings and opinions of treating physicians are generally entitled to greater weight, 20 C.F.R. §§ 404.1527(d) and 416.927(d), the governing administrative regulations also provide that the weight attributed to a treating source will be undercut if the opinion is not related to medical signs, laboratory findings, and supporting explanations. 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3). In the instant case, the court must agree that Dr. Cheek has offered no real explanation as to how or why plaintiff's fibromyalgia is so debilitating. The court believes that the Administrative Law Judge properly accorded greater weight to an assessment provided by a nonexamining state agency physician, who reviewed all the evidence of record as of the date of the report and concluded that plaintiff retains sufficient functional capacity for light exertion. In that report, the state agency physician specifically considered all of the reported

clinical findings and laboratory results, as well as plaintiff's description of his current level of activity. (TR 267).

The court also believes that the Administrative Law Judge properly relied on the testimony of the vocational expert in determining whether Mr. Rose retains sufficient functional capacity to perform his prior work activity at Walmart. The vocational expert specifically characterized this past work activity as "light." (TR 49). When asked to consider plaintiff's age, education, and prior work activity, as well as the physical capacity assessment produced by the state agency physician, the vocational expert opined that Mr. Rose could return to the work of a customer service manager. It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the record in this case.

In summary, the court finds substantial evidence to support the Law Judge's assessment of plaintiff's physical and emotional problems, and the associated work-related limitations. The court believes that the Administrative Law Judge properly determined that the most recent functional capacity assessment by the treating physician cannot be accorded controlling weight. Finally, the court finds that the Administrative Law Judge properly considered the effect of all of plaintiff's physical and emotional problems in formulating the hypothetical question for the vocational expert. Based on the vocational expert's testimony, the court concludes that there is substantial evidence to support the Law Judge's finding that Mr. Rose retains sufficient functional capacity to perform past relevant work activity. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). It follows that the final decision of the Commissioner denying plaintiff's entitlement to disability insurance benefits and supplemental security income benefits must be affirmed. Laws v. Celebreeze, supra.

In affirming the commissioner's final decision, the court does not suggest that Mr. Rose is free of all pain and discomfort. Indeed, it is undisputed that plaintiff has a history of musculoskeletal defects in his lower back, and that he now experiences fibromyalgia as well. However, it must again be noted that none of the doctors who have treated these problems have identified or documented the existence of specific physical manifestations which could be expected to result in total disability. While plaintiff's physical complaints may be suggestive of significant incapacity, the fact remains that the medical record simply does not include clinical findings, objective tests, or laboratory results which are consistent with totally disabling symptomatology. It is well settled that the inability to work without any subjective discomfort does not of itself render a claimant totally disabled. Craig, 76 F.3d at 594-95. Once again, it appears to the court that the Administrative Law Judge adequately considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson, 402 U.S. at 400; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws, 368 F.2d at 642. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This ___30th___ day of April, 2010.

*[signature]*

United States District Judge